

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 11, 1949

Hon. John T. Nicholson
County Attorney
Comanche County
Comanche, Texas

Opinion No. V-768

Re: The applicability of Article
4442, V.C.S., and Article 701,
V.P.C., relating to operation
of "maternity homes" to private
hospitals.

Dear Sir:

Reference is made to your recent request which reads in part as follows:

"The City of Comanche has a private hospital under the ownership and management of two brothers, acting as a partnership, and both licensed to practice medicine and surgery in the State of Texas. The hospital engages in the general practice of medicine and surgery, not specializing in any certain thing, and keeps patients in beds during treatment, and cares for and treats pregnant women, and delivers their children.

"The hospital was established under permission and authority of the City Council of Comanche, Texas, under the provisions of Art. 1015, Sec. 4, Vernon's Rev. Civ. Stats., 1925.

" . . . .

"Is such a hospital an institution covered by Art. 4442, Vernon's 1925 RCS, Acts 1921, p. 146; Acts 1935, 44th Leg., p. 294, ch. 108, Sec. 1, and by P.C. Art. 701?"

Articles 4442, Sec. 1., V.C.S., and 701 V.P.C., are as follows:

"Art. 4442. Maternity home

"1. Every individual, firm, association, or corporation, owning, keeping, conducting or managing an institution or home for the boarding or sheltering of infant children, or so-called

'Baby Farm,' or any lying-in hospital, hospital
ward, maternity home or other place for the re-
ception, care and treatment of pregnant women,
and charging a fee or receiving or expecting com-
pensation in the way of room rent or board, shall
obtain an annual license which shall be issued by
the State Board of Health without fee, shall not
be transferable to other persons or other premises,
and shall expire on the thirty-first day of Decem-
ber next following the issuance. The application
for such license shall state the name and address
of the licensee, the specific location of the
building used, and the number of inmates which may
be boarded there at one time, and shall be ap-
proved by the local health officer. No greater
number of inmates shall be housed at one time in
the building than is authorized by the license,
and no pregnant woman or infant shall be kept in
a building or place not designated in the license.
A record of licenses issued shall be kept by the
State Board of Health."

"Art. 701. Maternity home

"Any person, manager, keeper, or officer
of any corporation, firm or association who shall
keep or conduct any 'Baby Farm,' lying-in hos-
pital, hospital ward, maternity home or place for
the reception, care or treatment of pregnant
women without first having obtained a license
from the State Board of Health as provided by law
shall be fined not less than fifty nor more than
five hundred dollars and in addition thereto may
be confined in jail not to exceed twelve months."
Acts 1921, p. 147.

It is stated in 39 Tex. Jur. 228 that: "an emergency
clause may be considered if it sheds light upon the inquiry and
will aid the Court in ascertaining the legislative intent."

The emergency clause of Senate Bill 215, Acts of the
37th Legislature, R.S., 1921, (Art. 4442, V.C.S.) is in part as
follows:

"Owing to the fact that the well-being of
the public demands the regulation of the above
mentioned places both from the standpoint of
public health and from an ethical and moral
standpoint and owing to the fact that no law at
present time exists on the statute books of this

State adequately controlling such before men-
tioned place, creates an emergency and an im-
perative public necessity . . . ."

There is no general Hospital Licensing law in the State.
However, over a long period the State Board of Health, the
agency charged with enforcing the provisions under this Statute,
has required that a hospital with a Maternity Ward be licensed
under the provisions of Art. 4442, V.C.S., and it is the
opinion of this office that such a construction placed upon the
statutes is reasonable and sound.  Since the Statute is ambig-
uous with respect to whether it applies to such an institution
and there is no authority to the contrary, the departmental con-
struction should be followed.

This rule was announced in the case of Texas Employers
Insurance Association v. Holmes, 145 Tex. 158, 196 S.W. 2d 390,
wherein Justice Sharp, speaking for the Court, stated as follows:

"If a statute is ambigous and susceptible of
more than one construction, there are certain well
settled rules which govern its construction:

"First, the practical interpretation of
the Act by the agency charged with the duty of
administering it is entitled to the highest
respect from the Courts.  And this is especially
so when that interpretation has been long con-
tinued and uniform."

In view of the foregoing it is our opinion that under
the factual situation presented, such a hospital comes within the
provisions of Articles 4442, V.C.S., and 701, V.P.C.

## SUMMARY

A privately owned general hospital which has
a maternity ward in which children are delivered
and mothers are cared for is required to be licensed
by the State Board of Health.  Art. 4442, V.C.S.
Art. 701, V.P.C.

Yours very truly,
ATTORNEY GENERAL OF TEXAS

BA:bh:wc

APPROVED
s/Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL

By s/Bruce Allen
Bruce Allen
Assistant